IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19–CV–0243–BR

| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| ALTON PERKINS, et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on the Securities and Exchange Commission's ("SEC") motion to strike or dismiss Alton Perkins, AmericaTowne Holdings, Inc., Yilaime Corporation of North Carolina, Alton and Xiang Mei Lin Perkins Family Trust, Yilaime Corporation of Nevada, and Perkins HSU Export Corporation's (collectively "the Perkins defendants") crossclaims against defendant Mabiala Phuati ("Phuati"). (DE # 37.) The Perkins defendants did not file a response. This matter is now ripe for adjudication.

On 16 January 2020, the Perkins defendants filed an answer to the SEC's complaint which included crossclaims against defendant Phuati for negligence, gross negligence, breach of fiduciary duty, indemnification, and contribution. (Ans., DE # 34, 13–15.) The SEC contends "Section 21(g) of the Exchange Act, and long-established case law thereunder, clearly prohibit [crossclaims] in an SEC-enforcement action, absent the SEC's consent. As the SEC has not and does not consent to these [crossclaims], they should be stricken and/or dismissed." (Mem. Supp. Mot. Strike, DE # 37-1, at 3.)

Section 21(g) of the Securities Exchange Act of 1934 provides:

Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other

actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g) (2015). As such, "[crossclaims] are barred by the language of Section 21(g)." See, e.g., S.E.C. v. Abdallah, No. 1:14 CV 1155, 2015 WL 1455272, at *2 (N.D. Ohio Mar. 30, 2015) (collecting cases); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 332 n.17 (1979) ("[C]onsolidation of a private action with one brought by the SEC without its consent is prohibited by statute." (internal citation omitted)); S.E.C. v. Elecs. Warehouse, Inc., 689 F. Supp. 53, 72 (D. Conn. 1988) (finding the policy behind § 78u(g), namely to promote speedy resolution of SEC injunctive actions by preventing consolidation with other actions, weakened by permitting a party to add a counterclaim to the action), aff'd sub nom. S.E.C. v. Calvo, 891 F.2d 457 (2d Cir. 1989). Further, "[t]he legislative history and relevant case law warrant a finding that § 21(g) may be employed by the SEC in actions[, like this one,] seeking both equitable relief and civil penalties." S.E.C. v. Thrasher, No. 92 CIV. 6987 (JFK), 1995 WL 456402, at *4 (S.D.N.Y. Aug. 2, 1995); see S.E.C. v. Wealth Mgmt. LLC, No. 09–C–506, 2009 WL 3765395, at *2 (E.D. Wis. Nov. 9, 2009) (collecting cases) ("In light of this authority, the Court concludes that bar created by § 21(g) applies in actions brought by the Commission for both equitable relief and civil penalties.").

The SEC makes it clear that it does not consent to the five crossclaims asserted by the Perkins defendants against defendant Phuati, nor did the Perkins defendants attempt to seek the SEC's consent. (See Kim Aff., DE # 37-2, ¶ 3.) Accordingly, the crossclaims are stricken from the Perkins defendants' answer pursuant to Federal Rule of Civil Procedure 12(f). The SEC's

2

motion is hereby ALLOWED.

This 30 March 2020.

_____
W. Earl Britt
Senior U.S. District Judge