IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19–CV–0243–BR

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | ORDER |
| ALTON PERKINS, et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on Alton Perkins, the Alton and Xiang Mei Lin Perkins Family Trust, Yilaime Corporation of NC, Perkins Hsu Export Corporation, Yilaime Corporation of Nevada, and AmericaTowne Holdings, Inc.'s (collectively "defendants") joint motions to strike defendant Mabiala Phuati's ("Phuati") accounting, (DE # 41), and amended accounting, (DE # 46). (DE ## 44, 47.) Phuati filed a response.[1] The motions are now ripe for disposition.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> Information is immaterial for the purposes of Rule 12(f) if it has no essential or important relationship to the claim for relief or the defenses being pleaded[.] An impertinent matter does not pertain, and [is] not necessary, to the issues in question. Finally, information is scandalous if it improperly casts a derogatory light on someone, most typically on a party to the action. It is not enough that the allegation offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action.

---

[1] Phuati filed his response on 17 August 2020, yet the response deadline lapsed on 18 July 2020. Because Phuati is representing himself, the court will consider his response. However, for future filings with the court, Phuati must comply with all local court rules, including the rules of filing and service.

Thornhill v. Aylor, No. 3:15-CV-00024, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016) (internal quotation marks and citations omitted) (alternations in original).  However,

> [t]he court should use Rule 12(f) sparingly, as motions to strike are generally viewed with disfavor.  As such, a motion to strike should only be granted when the allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.

Id. (internal citations and quotation marks omitted); see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." (citation omitted)).

Defendants contend "Phuati's Accounting contains salacious, unverified, and rambling allegations of wrongdoing against a variety of individuals, including Defendants and non-parties[.]"  (Mot., DE # 44, at 2.)  Defendants contend such information

> is all the more serious given that AmericaTowne Holdings, Inc., is a publicly traded company, and such unfounded allegations in improper filings may affect the company's ability to conduct business and attract customers and vendors.

(Id.)  Additionally, defendants contend they were not served with the accounting.  (Id. at 1–2.)  As for the amended accounting, defendants assert that it "mirrors the original accounting filed by Phuati on April 15, 2020[,]" (Mot., DE # 47, at 1), and should be stricken for the same reasons as stated in its initial motion, (id. at 2).  Phuati denies that the statements in his accounting and amended accounting are untruthful and provides the court with various exhibits in support of his statements as evidence that they are "completely true and verifiable."  (Resp., DE # 48, at 1–2.)

Phuati's accounting and amended accounting relate to and have logical connection to the subject matter of the underlying controversy.  (See generally DE ## 41, 46.)  As such, they cannot be stricken under Rule 12(f) because defendant believes them to be "salacious,

2

unverified, and rambling." Rather, the accounting and amended accounting may only be stricken if this court's failure to do so may cause some form of significant prejudice to one or more of the parties to the action. See Thornhill, 2016 WL 258645, at *2. The assertion that some information in the documents may impact AmericaTowne Holdings, Inc.'s business does not sufficiently demonstrate prejudice to defendants. See Miller v. Ingles, No. 1:09CV200, 2009 WL 4325218, at *6 (W.D.N.C. Nov. 24, 2009) ("A motion to strike places a sizable burden on the movant and would typically require a showing that denial of the motion would prejudice the movant.") (internal citations and quotation marks omitted)).

Defendants' motions are DENIED.

This 18 August 2020.

_____
W. Earl Britt
Senior U.S. District Judge